CHICAGO BONDING & SURETY CO. v. AUGUSTA-SAVANNAH NAV. CO.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1918. Rehearing Denied March 11, 1918.)

No. 2506.

1. PRINCIPAL AND SURETY ☞82(2)—BUILDING CONTRACT—EXTENT OF LIABILITY.

Where the surety on the performance bond of a builder, who contracted to construct two barges, declined to complete the contract on the builder's default, the recovery of plaintiff, for whom the barges were to be constructed, cannot be restricted to the additional sum estimated as necessary to complete the work, though it was plaintiff's duty to use reasonable care to keep the loss to a minimum.

2. PRINCIPAL AND SURETY ☞82(2)—PERFORMANCE OF CONTRACT—MEASURE OF RECOVERY.

Where a contractor, which agreed to build two barges, defaulted after completing only one, the correct measure of plaintiff's damages against the surety on the former's performance bond is one-half the amount which plaintiff advanced to the contractor, not exceeding the contract price of the barge or the penalty fixed in the bond, with interest from the time the surety received notice of the breach.

3. PRINCIPAL AND SURETY ☞161—BONDS—MODIFICATION OF AGREEMENT—DISCHARGE OF SURETY.

In a suit on the performance bond of a boatbuilder, who defaulted, where the surety consented to a modification of the contract, based on an estimate of the cost of completing the barges ordered by plaintiff, evidence held insufficient to show that the surety's consent was secured through false statements made by plaintiff.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the Augusta-Savannah Navigation Company against the Chicago Bonding & Surety Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Plaintiff in error, herein called the surety company, executed a bond in the sum of $40,000 for the faithful performance by the Racine Truscott Shell

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Lake Boat Company, herein called the boat company, of its contract with plaintiff, for the construction and delivery of two twin barges on or before September 1, 1914. One barge was completed and delivered by the boat company and accepted by the plaintiff; the other barge was never completed. Questions arising on this record pertain to (a) the rule of damages applicable, to the present case for the failure to deliver the second barge; and (b) admission and rejection of evidence bearing upon defenses arising out of the subsequent modification of the surety contract.

On or about the 2d of September, 1914, this contract was modified at the request of the boat company, and after its default, and after 50 per cent. of the total contract price had been paid. The chief modification required plaintiff to pay creditors "for the account of the boat company for all bills for materials, labor, and freight charges by it ordered," and was for the purpose of providing the boat company with cash with which to complete the construction of the barges. The surety company gave its written consent to this modification. Thereafter plaintiff advanced money upon orders of the boat company for labor and materials furnished, until the total amount thus advanced, together with sums previously paid, aggregated $84,003.43, or approximately $5,000 more than the contract price for both barges. The boat company again defaulted, and refused to go on with the construction of the second barge, and plaintiff called upon the defendant to exercise its right of subletting or completing the work. Defendant failed either to complete the contract or proceed in the premises in any manner. Thereafter plaintiff brought this action, with the result that the court directed the jury to find, in favor of the plaintiff for the sum of $43,463.05, which amount included, interest, for which sum judgment was rendered.

Charles B. Stafford, of Chicago, Ill., for plaintiff in error.

W. S. Oppenheim, of Chicago, Ill., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge (after stating the facts as above). [1] Defendant contends that the second boat, being partly constructed, could have been completed for an additional expenditure of $10,000 or $15,000, and urges that its liability is limited to the actual amount required to complete the construction of the barge. While plaintiff's duty is to use reasonable care to keep the loss to the minimum sum in case of a breached contract of this character, it was not required to embark in an unknown or unfamiliar field of industry, involved in uncertainty as to outcome or doubt as to its ability to satisfactorily complete such a structure. United States v. U. S. Fidelity & Guaranty Co., 236 U. S. 512, 35 Sup. Ct. 298, 59 L. Ed. 696. The right to complete the barge, or to sublet the contract to another builder, and thereby lessen the loss if any, was reserved by the defendant in its bond. Having declined to exercise this option to proceed with the construction of the barge, for sufficient reasons no doubt, it cannot complain because the plaintiff also declined to take such a chance.

[2] We find nothing in the testimony that indicates plaintiff acted unreasonably in refusing to undertake the completion of the barge upon the boat company's default. Under the circumstances of this case, the correct measure of plaintiff's damages against the surety company is one-half the amount that plaintiff advanced the boat company, not exceeding the contract price of the boat, nor the sum fixed in the bond, together with interest from the date the surety company received notice of the breach of the contract. United States v. U. S. Fidelity & Guaranty Co., supra. This is the rule the learned trial court applied.

[3] Defendant, among other defenses, pleaded specially that its con-

sent to the modification of the original contract was secured through false statements made by the plaintiff as to the amount of money required to complete the construction of the barges, and that such consent was therefore inoperative. The only evidence offered in support of this defense was a statement of approximate expenses required to complete the barge, and a letter written subsequently by plaintiff, wherein a statement appeared that this estimate was too low. Assuming that the preliminary estimate was made and presented by the plaintiff to the surety company (an assumption which does violence to the testimony), we find nothing therefrom that would create a suspicion of fraud, much less establish fraud on plaintiff's part. Nothing appears in the testimony offered or in the testimony received by the court that would sustain defendant's charge of fraud, or even justify the interposition of the defense in the pleading. The estimated cost of a structure very seldom tallies with the actual cost. Rapid changes in price of material, cost of labor, and unforeseen delays make estimates at best very undependable. In this case, where the barges were to be knocked down and transported from Muskegon, Mich., to Savannah, Ga., to be again erected, the uncertainties were multiplied. The evidence does not even suggest bad faith upon the plaintiff's part, and amply justifies the conclusion that the estimates were prepared by the boat company, and not by the plaintiff.

It is unnecessary for us to consider defendant's further contention that the court erred in not allowing it to amend its special plea. We have assumed that the original plea sufficiently raised the issue in support of which this testimony was offered.

Judgment is affirmed.